19-3358-cv
Fiallos v. New York City Department of Education

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of March, two thousand twenty one.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                       *Circuit Judges*.

_____

ALEXANDRA FIALLOS, AS PARENT AND NATURAL
GUARDIAN OF L.F. AND INDIVIDUALLY,

                 *Plaintiff Appellant*,

            v.                                             19-3358-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,

                 *Defendant-Appellee*.

_____

| | |
|---|---|
| Appearing for Appellant: | Rory J. Bellantoni, Brain Injury Rights Group, Ltd. (Karl J. Ashanti, Peter G. Albert, *on the brief*), New York, N.Y. |
| Appearing for Appellee: | Eric Lee, Assistant Corporation Counsel (Richard Dearing, Of Counsel, Scott Shorr, Of Counsel, *on the brief*) *for* James E. Johnson, Corporation Counsel of the City of New York, New York, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Alexandra Fiallos appeals from a September 19, 2019 judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*) denying her motion for summary judgment and granting the New York City Department of Education's ("DOE") cross-motion for summary judgment on her claim seeking a declaration that DOE violated L.F.'s rights under the pendency provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415(j). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Fiallos is L.F.'s mother. L.F. is a non-verbal and non-ambulatory child with learning disabilities caused by a brain injury. In an October 2017 administrative complaint, Fiallos alleged that DOE denied L.F. a free appropriate public education ("FAPE") for the 2017-2018 academic year. Fiallos sought tuition reimbursement for the private school where she unilaterally placed L.F., International Academy of Hope ("iHOPE"). In February 2018, an impartial hearing officer ("IHO") concluded that iHOPE was an appropriate placement for L.F. and ordered DOE to reimburse Fiallos. DOE did not appeal that decision. In June 2018, Fiallos unilaterally transferred L.F. from iHOPE to the International Institute for the Brain ("iBRAIN"). Fiallos also filed an administrative complaint challenging L.F.'s individualized education program ("IEP") for the 2018-2019 academic year. The administrative complaint sought an order under Section 1415(j) of the IDEA requiring DOE to pay for tuition at iBRAIN while the administrative proceedings were pending. On October 15, 2018, an IHO determined that iBRAIN was substantially similar to iHOPE and ordered DOE to pay for L.F.'s tuition at iBRAIN during the pendency of the administrative proceedings. DOE appealed to the State Review Office ("SRO"). In December 2018, the SRO concluded that iBRAIN was entitled to pendency status. After Fiallos provided paperwork required under the SRO decision, DOE paid iBRAIN. DOE also agreed to fund L.F.'s placement at iBRAIN for the 2019-2020 school year. In the district court proceedings, Fiallos sought a declaration that DOE "violated L.F.'s rights" by failing to immediately pay tuition at iBRAIN in accordance with the October 2018 IHO decision. App'x at 73.

"We review de novo a district court's ruling on cross-motions for summary judgment, in each case construing the evidence in the light most favorable to the non-moving party." *Fund for Animals v. Kempthorne*, 538 F.3d 124, 131 (2d Cir. 2008). "Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Marcavage v. City of New York*, 689 F.3d 98, 102 (2d Cir. 2012). "To obtain *prospective* relief, such as a declaratory judgment or an injunction, a plaintiff must show, *inter alia*, a sufficient likelihood that he or she will again be wronged in a similar way." *Id.* at 103 (internal quotation marks and alterations omitted, emphasis in original). "[A] plaintiff must demonstrate a certainly impending future injury." *Id.* (internal quotation marks omitted). In doing so, "a plaintiff cannot rely solely on past injuries; rather, the plaintiff must establish how

he or she will be injured prospectively and that the injury would be prevented by the equitable relief sought." *Id.*

The district court correctly concluded that the declaratory relief Fiallos sought was unavailable because Fiallos could not demonstrate a certainly impending future injury. The district court carefully explained each of the events that would have to recur for there to be a certainly impending future injury. It reasoned that, "[f]or the injury in this case to recur, [Fiallos] would have to unilaterally remove her child from iB[RAIN], transfer her child to a new placement without a showing that the new placement was substantially similar, . . . pursue another due process proceeding seeking funding for the new placement [,] . . . receive a favorable IHO order directing [DOE] to provide funding for the new placement [,] and [DOE] would have to decline to implement the order while contemplating an appeal." App'x at 140-41. The district court concluded that the possibility of all these steps occurring was too remote to show a certainly impending future injury. For the reasons in the district court's well-reasoned order, we affirm.

We have considered the remainder of Fiallos's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk